

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00212-CR
No. 02-19-00213-CR

_____

GABRIEL ESTRADA, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1532787W, 1517268D

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Gabriel Estrada appeals his convictions for aggravated assault of a public servant and unauthorized use of a vehicle. *See* Tex. Penal Code Ann. §§ 22.02(b)(2)(B), 31.07. Appellant had been on deferred adjudication community supervision for both offenses, but the trial court adjudicated him guilty after finding that he had violated his community supervision by committing new offenses. The trial court sentenced appellant to two years' incarceration for the state-jail felony of unauthorized use of a vehicle and 20 years' confinement for the first-degree felony aggravated assault of a public servant. Although the trial court did not orally pronounce fines at the adjudication hearing, the trial court's judgment for unauthorized vehicle use imposes a fine of $200, and the judgment for aggravated assault of a public servant imposes a $600 fine.

Upon concluding that "no legally non-frivolous grounds for appeal" exist, appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Although not identifying the judgment error we describe below, counsel's brief and motion meet the requirements of *Anders v. California*, which requires presenting a professional evaluation of the entire record demonstrating why there are no arguable grounds for relief. *Id.*, 87 S. Ct. at 1400. We have independently examined the entire record, as is our duty upon the filing of an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v.*

2

*State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Although provided a copy of the record, appellant declined to file a pro se response. The State agreed with appellant's counsel's assessment of the case and has not filed a brief.

After carefully reviewing the record and counsel's brief,[1] we have determined that the judgments adjudicating guilt, and incorporated orders to withdraw funds from appellant's inmate trust account, should be modified to delete the fines imposed. Although the trial court's original deferred-adjudication orders contained fines, the trial court did not orally assess fines as part of appellant's sentences after adjudicating appellant guilty and revoking his deferred adjudication community supervision in both cases. Therefore, the trial court could not impose fines in the written judgments adjudicating guilt. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). Accordingly, we modify the trial court's judgments adjudicating guilt, and the incorporated orders to withdraw funds from appellant's inmate trust account, to delete the fines. *See id.*; *Polk v. State*, Nos. 02-19-00152-CR, 02-19-00153-CR, 02-19-

---

[1]Based on our stringent review of the record and our conclusion that the appeals are indeed frivolous but for the clear modifiable errors in the judgments, abating the appeals for the appointment of new appellate counsel to brief this arguable issue that is governed by clear authority would result in a waste of resources for all involved. *See Bray v. State*, 179 S.W.3d 725, 729–30 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (modifying judgment in *Anders* appeal and affirming judgment as modified rather than abating appeal for appointment of new counsel).

3

00154-CR, 2020 WL 938149, at \*1–2 (Tex. App.—Fort Worth Feb. 27, 2020, pet. ref'd) (mem. op., not designated for publication).

Except for these modifications to the judgments and incorporated withdrawal orders, we agree with counsel that these appeals are wholly frivolous and without merit. Our independent review of the records reveals nothing further that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We grant counsel's motion to withdraw, modify the trial court's judgments and incorporated orders to withdraw funds to delete the fines, and affirm the judgments as modified. *See* Tex. R. App. P. 43.2(b); *Bray*, 179 S.W.3d at 729.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 11, 2021

4